UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LELA ELIZABETH BOND | ) | CASE NO. 09-30056(1)(7) |
| | ) | |
| Debtor(s) | ) | |

## MEMORANDUM-ORDER

This matter is before the Court on the Motion to Dismiss Pursuant to 11 U.S.C. §707(a) of United States Trustee Joseph J. Golden ("Trustee") and Motion for the Court to Examine Attorney's Fees of the Trustee Against Debtor Lela Elizabeth Bond ("Debtor") and her Attorney, David W. Brangers ("Brangers"). For the following reasons, the Court **DENIES** the Motion to Dismiss and **GRANTS** the Motion to Examine Attorney's Fees.

Debtor filed her Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code on January 7, 2009.

On January 7, 2009, Debtor filed a Certificate of Credit Counseling dated February 1, 2008.

On February 14, 2009, Trustee filed his Motion to Dismiss Pursuant to 11 U.S.C. §707(a) based on the fact that the Debtor's Certificate of Credit Counseling was not dated within 180 days of the date of the filing of the Petition as required by 11 U.S.C. §109(h)(1).

On January 14, 2009, Trustee also filed a Motion to Examine Attorney's Fees requesting that Brangers' fees in this case be examined because he exposed his client to having the case dismissed by filing a "stale" Certificate of Credit Counseling.

Debtor filed Responses to both of the Trustee's Motions contending the Debtor had intended to file her Petition in 2008 but lost her job and could not afford the filing fee at the time she originally received the Certificate of Credit Counseling.

A hearing was held on the matters on February 3, 2009. At that hearing, the Trustee informed the Court that Brangers had filed "stale" Certificates of Credit Counseling in at least five prior cases.

On February 10, 2009, Brangers filed Debtor's Certificate of Credit Counseling dated January 23, 2009.

The Court determines that the case should not be dismissed since the Certificate of Credit Counseling now meets the requirements of 11 U.S.C. §109(h)(1). However, the Court is disturbed by counsel Brangers' past record of filing "stale" Certificates of Credit Counseling because each Petition requires a debtor to represent that they received a briefing from a credit counseling agency within 180 days before the filing of the Petition. In each of the cases referenced by the Trustee, Brangers' clients erroneously represented on the Petition that the counseling had occurred within 180 days before the filing date. The Court trusts that this violation will no longer occur. The Court orders Brangers to pay $500 into the Clerk of Courts library fund as a sanction for these repeated violations. Any future violations will result in separate sanctions.

The Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the U.S. Trustee's Motion to Dismiss, be and hereby is, **DENIED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the U.S. Trustee's Motion to Examine Attorney's Fees is **GRANTED** and Debtor's counsel, David W. Brangers, is

2

ordered to pay $500 to the Clerk of the United States Bankruptcy Court for the Court's library fund as a sanction for his repeated failure to file timely Certificates of Credit Counseling. Said payment is to occur within thirty (30) days of the date of entry of this Order.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 5, 2009